*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* RYAN DOUGLAS HARDER.

RYAN DOUGLAS HARDER,

        Petitioner-Appellant,

v

STATE OF MICHIGAN,

        Respondent-Appellee.

FOR PUBLICATION
March 14, 2025
11:47 AM

No. 368645
Ottawa Circuit Court
LC No. 23-007346-PZ

Before: SWARTZLE, P.J., and K. F. KELLY and MURRAY, JJ.

SWARTZLE, P.J. (*concurring in part*, *dissenting in part*).

I concur in the result only, and I specifically dissent with respect to Part III.A of the majority opinion. Although I have no row with the majority's application of its preferred "correspondence" test, I do not think we need to land definitively on that test as the proper one here. This is because, when properly applied, the alternative test considered by the majority—the so-called "categorical" test used by federal courts—yields the same result: petitioner must register under Michigan's Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.*

I will be brief: The majority aptly describes the categorical test, as it has been developed in the federal courts. As applied here, to determine whether a qualifying Tier II offense under Michigan law is "substantially similar" (or, per federal terminology, "comparable") to the Iowa offense of which petitioner was convicted, the elements of the two offenses are lined up and compared to each other. *Mathis v United States*, 579 US 500, 504-505; 136 S Ct 2243; 195 L Ed 2d 604 (2016). If the crime of conviction (Iowa) "covers *any* more conduct" than the generic (Michigan) offense, then the two crimes are not substantially similar/comparable. *United States v Barcus*, 892 F3d 228, 233 (CA 6, 2018) (internal quotation marks omitted). Conversely, if the crime of conviction (Iowa) covers the same conduct, or is narrower in its sweep, then the crime of conviction (Iowa) is substantially similar/comparable to the generic (Michigan) offense for purposes of SORA registration. *Id.* at 232. The underlying facts of the Iowa conviction are not relevant in this analysis; rather, this is a structural, elements-based approach.

Properly applying this categorical test, the Iowa conviction sweeps *more narrowly* than the Michigan offense. As the majority explains, the relevant elements of the two offenses correspond as to specific intent; proscribed act; solicitation; and victim as child. But, at the time of conviction, the Iowa offense excluded the circumstance when the two persons were married. Thus, all of the elements of the Iowa offense could be satisfied, but if the two persons were married, then the Iowa statute had not been violated. In Michigan, there is no marriage exception; thus, the Michigan offense is necessarily broader in scope than its Iowa counterpart, as Michigan sweeps in persons regardless of their marital status. In the relevant Venn diagram, Michigan's MCL 750.145a completely encompasses Iowa's § 709.8(3), as those statutes have been interpreted and applied by courts.

Thus, if someone had violated Iowa's statute, then that person would know with logical certainty that the person would have likewise violated Michigan's statute, had the activity occurred within the latter's jurisdiction. In this way, the person is on fair notice that, if the person decides to reside in Michigan, then the person will need to abide by Michigan's laws with respect to that offense, including SORA registration.

The majority recognizes that Michigan's offense (the "generic offense") sweeps more broadly than the Iowa offense (the "offense of conviction"). But then the majority inexplicably concludes that "no Michigan crime could ever be substantially similar to Iowa Code § 709.8 unless it contained a marriage exception." Maj op at ___. But, this flips the analysis on its head—it is precisely the marriage exception that confirms, with logical certainty, that the Iowa offense is more narrow than the Michigan offense and, as a result, Michigan's offense completely encapsulates the Iowa offense. Under the categorical approach, this means that the offenses *are* substantially similar/comparable, at least from the viewpoint relevant to *Michigan*'s SORA registration. See, e.g., *Descamps v United States*, 570 US 254, 257; 133 S Ct 2276; 186 L Ed 2d 438 (2013) ("The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense."); *Barcus*, 892 F3d at 232 ("If the elements of the Tennessee aggravated sexual battery statute are the same as the [federal] Tier III requirements, or are defined more narrowly, then the Tennessee conviction is classified as a Tier III offense."); *United States v Berry*, 814 F3d 192, 195-196 (CA 4, 2016) ("If the elements of the prior offense [of conviction] are the same as, or narrower than, the [generic] offense listed in the federal statute, there is a categorical match." (internal quotation marks omitted)).

It is entirely possible that, in a hypothetical case that mirrors this one—a Michigan conviction, a petitioner who moves to Iowa, and then a question of *Iowa*'s registration requirements—an Iowa court would conclude that the two statutes are not substantially similar/comparable. But, that is because, from that court's perspective, the Iowa offense (the generic one in this hypothetical) would be the narrower one, and the offense of conviction, the Michigan one, would sweep more broadly. How an Iowa court would treat a hypothetical Michigan conviction is, however, irrelevant to our consideration.

In sum, the majority correctly describes the federal courts' categorical test, but then goes on to misapply it. As explained here, the result of the categorical test is the same as the result of the test adopted by the majority—petitioner must register under SORA. Accordingly, this panel need not have decided which test is the preferred one. The categorical approach has, in fact, several worthwhile features, including precision and predictability. I would have preferred that the matter be decided in a published decision when it was outcome determinative, or, at least, when the question was subject to the crucible of adversarial testing, whereas here the People did not file a brief or participate in oral argument.

Concluding that petitioner's remaining arguments are without merit as applied to these particular circumstances, I concur in the result reached by the majority.

/s/ Brock A. Swartzle